FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 29 2011 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

– against –

MICHAEL ROWE,

              Defendant.

---

10-CR-607

Statement of Reasons Pursuant to
18 U.S.C. § 3553(c)(2)



JACK B. WEINSTEIN, Senior United States District Judge:

      A sentencing court shall "state in open court the reasons for its imposition of the particular sentence." 18 U.S.C. § 3553(c). If the sentence is not of the kind prescribed by, or is outside the range of, the sentencing guidelines referred to in section 3553(a)(4), the court shall indicate the specific reasons for imposing a sentence different from the guidelines. 18 U.S.C. § 3553(c)(2). These "reasons must also be stated with specificity in the written order of judgment and commitment." *Id.* Even though the mandatory nature of the guidelines has been excised and they are now "advisory," *see United States v. Booker*, 543 U.S. 220, 245-46 (2005), the sentencing court must still adhere to the requirements of 18 U.S.C. § 3553(c)(2). *United States v. Jones*, 460 F.3d 191, 197 (2d Cir. 2006).

      The sentencing court's written statement of reasons shall be "a simple, fact-specific statement explaining why the guidelines range did not account for a specific factor or factors under § 3553(a)." *United States v. Rattoballi*, 452 F.3d 127, 138 (2d Cir. 2006). Such a statement should demonstrate that the court "considered the parties' arguments and that it has a reasoned basis for exercising its own legal decisionmaking authority." *United States v. Cavera*, 550 F.3d 180, 193 (2d Cir. 2008) (quoting *Rita v. United States*, 551 U.S. 338, 356 (2007)) (internal quotations and alterations omitted).

1

On December 21, 2010, Michael Rowe pled guilty to Count One of a single-count indictment, which charged that, between January 2010 and August 2010, he, along with others, conspired to distribute and possess with intent to distribute cocaine and cocaine base, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A).

Rowe was sentenced on October 27, 2011. The proceeding was videotaped in order to develop an accurate record of the courtroom atmosphere and the factors and considerations that a district court must evaluate in imposing a sentence under 18 U.S.C. § 3553(a). *See In re Sentencing*, 219 F.R.D. 262, 264-65 (E.D.N.Y. 2004) (utility of videotape on appeal).

The court finds the total offense level to be twenty-seven and defendant's criminal history category to be category I, yielding a guidelines range of imprisonment of between seventy and eighty-seven months. The calculation of the total offense level included a three-point reduction for acceptance of responsibility. The offense carried a minimum term of imprisonment of ten years and five years of supervised release, and a maximum term of life imprisonment. 21 U.S.C. § 841(b)(1)(A). It was conceded by the defendant and the government, and the court found, that all statutory requirements for the "safety valve" under 18 U.S.C. § 3553(f) had been met, and the statutory minimum sentence did not apply. The guidelines range of fine was from $15,000 to $4,000,000.

Rowe was sentenced to time served and five years of supervised release. A $100 special assessment was imposed. No fines were imposed because the defendant does not have any assets, and it is unlikely that he will have any in the future to pay a fine.

Respectful consideration was given to the sentencing guidelines, the Sentencing Commission's policy statements, and all other factors listed under 18 U.S.C. § 3553(a) to ensure that the sentence is "sufficient, but not greater than necessary, to comply with the purposes" of

sentencing. 18 U.S.C. § 3553(a). The court imposed a non-guideline sentence under 18 U.S.C. § 3553(a) and *Booker*.

The court considered the "nature and circumstances of the offense and the history and characteristics of the defendant." *See* 18 U.S.C. § 3553(a)(1). Selling drugs is a serious offense, with the potential to ruin numerous lives. The crime, however, is out-of-character with the defendant's prior law-abiding life. Rowe has been almost continuously employed since 1999. Following his release from jail in August 2010, he has resumed working and is currently employed at a pastry shop. He has been married to his wife since 1998; together, they have raised their son, who is now eleven years-old and in the fifth grade. Although Rowe has a learning disability and dropped out of school after the tenth grade, he hopes to earn his GED. He has participated fully in the drug treatment program prescribed by pre-trial services, and has benefited from it. A sentence of time served with five years of probation reflects the seriousness of the offense and will promote respect for the law and provide just punishment. *See* 18 U.S.C. § 3553(a)(2)(A).

Under section 3553(a)(2)(B), there are two major considerations: specific and general deterrence. General deterrence is satisfied with the sentence imposed. The sentence will send a clear message that any involvement in drug sales will result in substantial supervision. Specific deterrence is achieved through the impact of this conviction on the defendant's employability. It is unlikely that he will engage in further criminal activity given the aberrant nature of his offense, his supportive family, and his remorse.

Jack B. Weinstein
Senior United States District Judge

3

Dated: October 27, 2011
      Brooklyn, New York